## APPEAL OF EMMA J. ROBERTS ET AL.

[ESTATE OF JAMES S. ROBERTS, DECEASED.]

FROM THE DECREE OF THE ORPHANS' COURT OF LUZERNE COUNTY.

Argued April 17, 1889—Decided April 29, 1889.

1. The mere admission of incompetent evidence by the Orphans' Court, or by an auditor, is not of itself sufficient to justify a reversal; it must appear that the court or the auditor was influenced in his adjudication by such testimony.
2. In the adjudication of the estate of a decedent, self-disserving book entries made by him in his lifetime are competent evidence to establish a claim against the estate, although it is not required that all the entries shall be accepted as veritable.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

No. 101 January Term 1889, Sup. Ct.

At the audit of the account of Emma J. Roberts, administratrix of the estate of James S. Roberts, deceased, called for hearing on September 7, 1888, the following facts appeared:

The decedent died on November 3, 1886, intestate, leaving

Adjudication.

to survive him, his widow, the accountant, and two minor children for whom a guardian was afterwards appointed. His estate consisted of personalty, and the only claim against it was one presented on behalf of L. C. Paine & Co. Testimony was adduced that L. C. Paine, doing business as L. C. Paine & Co., was engaged in a wholesale meat and provision trade; that the decedent had general charge of the business, handled the cash and was the chief bookkeeper.

Certain entries in the business books in the hand-writing of the decedent were offered in evidence, with explanations of the items by another of the bookkeepers, as evidence tending to show that on August 13, 1886, when the decedent had suddenly quit the firm's employment, he had taken $1,066.67 of the firm's money, to which he was not entitled. The offer was objected to, but admitted under exception.[1]

The court, RHONE, P. J., having heard the testimony, adjudged: That Roberts took $1,066.67, or any other sum of money belonging to L. C. Paine & Co., is shown only by his own entries made in the books of L. C. Paine & Co., while he was in the employ of the firm. So much is admitted by both parties. Roberts' counsel contends that the whole entry made at the same time is to be admitted as true, while counsel for Mr. Paine contends that while the whole entry is to be admitted, yet only so much is to be taken as true as appears from all the facts and circumstances to be true. The general rule is well stated in the language of Brightly's Digest, title Evidence, thus, "the whole of a defendant's admission must be taken together, unless there be circumstances that render improbable what he says in avoidance of a conceded fact:" Newman v. Bradley, 1 Dall. 240.

The probability or improbability of the circumstances alleged in excuse or exoneration for taking the money is the criterion to judge from. What are the probabilities? The entries are very vague. They do not allege any agreement with Mr. Paine. They were not entered up in the regular course of business either from month to month or from year to year. They are lumped just at a time when the clerk leaped from his place. Roberts was employed at a salary of $100 a month, and that he allowed so large a sum as he took, to remain with his employer for so long a time, without interest, seems unreasonable.

### Adjudication.

· The entries which he made are not consistent with themselves; for, under date 4th January, 1886, he says the $800 is "for allowances each year 1884 and 1885 at $800, $1,600 less cash paid him January 3, 1885, $800. This allowance is made on an average yearly profit of over $20,000 from 1881 and 1885 inclusive." And under date of August 13, 1886, he says:

"Gen'l Exp. Dr. . . . . $266 67

To J. S. Roberts                                          $266 67

  For allowance on year 1886 . . $400 00

  Less Sep. Oct., Nov. & Dec., not worked 133 33

                                             $266 67

This allowance is for a net profit of over $16,000 annually for six years from 1881 to 1886."

In one statement the basis of profits is $20,000 per annum and in the other it is $16,000 per annum. In the one case the share of profits due him was $800 per year and in the other case it was $400 per year. The manner of taking the money is also suspicious. We accept his admissions of taking the money as true, and say that his declarations of being entitled to it are too vague and suspicious to be entitled to our belief. If he had a right to the money it is unfortunate that he has left no better evidence of it. We therefore allow L. C. Paine & Co. $1,066.67, with interest from 13th of August, 1886.

To the foregoing adjudication, the widow and heirs excepted, alleging error on the part of the auditing judge in receiving in evidence the entries offered by the claimants, in the absence of their production of other books and entries referred to by the entries thus received, and in his conclusions of fact and law therefrom. These exceptions were subsequently overruled and a decree of distribution made in accordance with the adjudication. Thereupon the exceptants took this appeal, assigning as error, inter alia:

1. The admission of plaintiff's offer.[1]

2. The dismissal of the exceptions to the adjudication.

*Mr. L. H. Bennett,* for the appellants.

*Mr. Q. A. Gates,* for the appellees.

PER CURIAM:

The assignments of error which allege that the court erred in receiving the books of L. C. Paine & Co. in evidence, are of little importance. The mere admission of incompetent evidence by the Orphans' Court, or an auditor, is not of itself sufficient to justify a reversal. It must appear that the court or the auditor has been influenced by such testimony. In the present case, we have no doubt the learned judge below attached very considerable weight to the evidence furnished by the books of L. C. Paine & Co. Indeed, he could hardly have reached the conclusions he did without relying upon the books to some extent. We are of opinion that they were competent and that the conclusions drawn therefrom are fully justified by the facts. The entries were made by James S. Roberts, against whose estate this claim is made. He had at that time the sole charge of the business, and his own entries show that when he left the employ of Paine & Co., in an abrupt manner, on August 13, 1886, he took with him the sum of $1,066.67 of the money of L. C. Paine & Co. to which he had no right, to state it in the mildest form. It is only proper that his estate should be compelled to restore the money thus taken.

> The decree is affirmed and the appeal dismissed at the costs of appellant.